# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LIMA,<br><br>                              Petitioner,<br><br>v.<br><br>M. C. KRAMER, Warden,<br><br>                            Respondent. | Civil No.   06-2388 LAB (BLM)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

The Petition must be dismissed, however, because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

/ / /

Dockets.Justia.com

1       Title 28, United States Code, § 2254(a), sets forth the following scope of review for

2 federal habeas corpus claims:

> 3    The Supreme Court, a Justice thereof, a circuit judge, or a district
> court shall entertain an application for a writ of habeas corpus in
> 4    behalf of a person in custody pursuant to the judgment of a State
> court only on the ground that he is in custody in <u>violation of the
> 5    Constitution or laws or treaties of the United States.</u>

6 28 U.S.C. § 2254(a) (emphasis added). <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

7 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

8 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim

9 under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

10 a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

11 United States." <u>See</u> 28 U.S.C. § 2254(a).

12       Here, Petitioner raises numerous claims, including: that the appellate court failed to

13 instruct the trial court on how to proceed upon reversal, prosecutorial misconduct, several claims

14 of erroneous admission of evidence, the denial of the right to present a defense, several claims

15 of instructional errors. (<u>See</u> Pet. at 6-21.) However, in no way does Petitioner claim he is "in

16 custody in violation of the <u>Constitution or laws or treaties of the United States</u>." 28 U.S.C.

17 § 2254 (emphasis added.)

18       Further, the Court notes Petitioner must have exhausted the state judicial remedies as to

19 any federal claims before bringing his claims via federal habeas. State prisoners who wish to

20 challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C.

21 § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To properly exhaust state court

22 judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal

23 rights have been violated.

24       The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts

25 are to be given the opportunity to correct alleged violations of prisoners' federal rights, they

26 must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States</u>

27 <u>Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes

28 / / /

1  to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law</u>

2  <u>guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state

3  court." <u>Id.</u> (emphasis added).

4      Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

5  Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of

6  limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

7  to the judgment of a State court.  The limitation period shall run from the latest of:

8          (A) the date on which the judgment became final by the
          conclusion of direct review or the expiration of the time for seeking
9          such review;

10          (B) the date on which the impediment to filing an application
          created by State action in violation of the Constitution or laws of the
11          United States is removed, if the applicant was prevented from filing
          by such State action;
12

13          (C) the date on which the constitutional right asserted was
          initially recognized by the Supreme Court, if the right has been
          newly recognized by the Supreme Court and made retroactively
14          applicable to cases on collateral review; or

15          (D) the date on which the factual predicate of the claim or
          claims presented could have been discovered through the exercise
16          of due diligence.

17  28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

18      The Court also notes that the statute of limitations does not run while a properly filed <u>state</u>

19  habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003,

20  1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4,

21  8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by

22  the appropriate court officer for placement into the record] are in compliance with the applicable

23  laws and rules governing filings.").  However, absent some other basis for tolling, the statute of

24  limitations does run while a <u>federal</u> habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167,

25  181-82 (2001).

26  / / /

27  / / /

28  / / /

1

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to state a cognizable federal claim.  To have this case reopened, Petitioner must, **no later than December 30, 2006**, file a First Amended Petition that cures the pleading deficiencies set forth above.  **The Clerk of Court shall include a blank First Amended Petition form with this Order for Petitioner's convenience**.

**IT IS SO ORDERED.**

DATED: _____11-14-06_____     _____

Larry Alan Burns
United States District Judge