1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES LIMA,                                    Civil No.    06-2388 LAB (BLM)

12                                  Petitioner,

13                  v.                             **ORDER REOPENING CASE AND**
                                                   **SETTING BRIEFING SCHEDULE**
14   M. C. KRAMER, Warden,

15                                 Respondent.

16          On October 27, 2006, Petitioner, proceeding pro se, submitted a Petition for Writ of

17   Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis.

18          In its November 15, 2006 Order, the Court granting Petitioner's request to proceed in

19   forma pauperis but dismissed this case without prejudice because Petitioner failed to state a

20   cognizable federal claim.  Petitioner was instructed that to have this case reopened he had to file

21   a First Amended Petition no later than December 30, 2006.

22          On December 1, 2006, Petitioner filed a First Amended Petition pursuant to this Court's

23   Order.  Based on this Court's review of the First Amended Petition, the Court **ORDERS** that

24   this case be reopened.  Further, in accordance with Rule 4 of the rules governing petitions for

25   a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the First

26   Amended Petition, **IT IS ORDERED** that:

27

28

-1-

Dockets.Justia.com

1      1.      The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy

2  of this Order on the Attorney General for the State of California, or his authorized agent; and

3  (b) serve a copy of this Order on Petitioner.

4      2.      If Respondent contends the Petition can be decided without the Court's reaching

5  the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to

6  exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition

7  is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of

8  the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that

9  Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the

10  Rules Governing § 2254 Cases no later than **January 26, 2007**.  The motion to dismiss shall not

11  address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

12  Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]

13  At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records

14  bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion

15  to dismiss.

16      3.      If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any,

17  to the motion no later than **February 20, 2007**.  At the time the opposition is filed, Petitioner

18  shall lodge with the Court any records not lodged by Respondent which Petitioner believes may

19  be relevant to the Court's determination of the motion.

20      4.      Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

21  opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

22  adequate time to respond to Petitioner's claims on the merits.

23  / / /

24  / / /

25  / / /

26  / / /

27

28

---

[1]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

5.      If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **February 6, 2007**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

6.      Petitioner may file a traverse to matters raised in the answer no later than **March 9, 2007**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7.      A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8.      Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

9.      Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by the Court.

1       10.    Petitioner shall immediately notify the Court and counsel for Respondent of any

2  change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner

3  may be contacted, this action will be subject to dismissal for failure to prosecute.

4       **IT IS SO ORDERED.**

5  DATED:  December 11, 2006

6

7                    BARBARA L. MAJOR
                  United States Magistrate Judge

8

9

10  Copies to:   ALL PARTIES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\COMMON\Major\CASES\Lima v. Kramer (habc)\order reopening case and setting schedule.wpd, 12116

-4-