1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES LIMA,                                    CASE NO. 06cv2388-LAB (BLM)

12                              Petitioner,          **ORDER ADOPTING IN PART AND
                                                    REJECTING IN PART REPORT**
13          vs.                                     **AND RECOMMENDATION, AND
                                                    GRANTING RESPONDENT'S**
14   M.C. KRAMER, BILL LOCKYER,                     **MOTION TO DISMISS**

15                              Respondents.         [Dkt No. 6]

16          This state prisoner habeas corpus matter is before the court on the Report and

17   Recommendation ("R&R") of Magistrate Judge Barbara L. Major that this court: deny

18   Respondent's Motion To Dismiss Petitioner James Lima's ("Lima") 28 U.S.C. § 2254 habeas

19   Petition on statute of limitations grounds; grant Respondent's Motion To Dismiss twelve of

20   the thirteen grounds Lima  presents in his Petition as procedurally defaulted; and order

21   Respondent to answer Claim 10.  Both Respondent and Lima filed Objections to the R&R.

22   Lima filed a Reply to Respondent's Objections.  For the reasons discussed below, the R&R

23   is **ADOPTED IN PART** and **REJECTED IN PART**, and Respondent's Motion is **GRANTED**.

24   **I.     BACKGROUND**

25          As recited in the R&R, and without objection from either Respondent or Lima, Lima

26   is serving a sentence of twenty years in prison for his convictions of conspiracy to commit

27   residential robbery, two counts of residential robbery, false imprisonment by menace, and

28   felonious evasion of a police officer, and a consecutive term of twenty-five years to life for

1    his first-degree murder conviction.  Those convictions resulted from a residential robbery and

2    subsequent high-speed chase in February 1999.  For federal purposes, after two trials,

3    Lima's conviction became final in 2004. Respondent moves to dismiss the Petition on

4    grounds it is barred by the one-year statute of limitations and Lima procedurally defaulted

5    his claims in state court by raising them in an improper manner, barring federal review.

6    Respondent's Motion To Dismiss thus asserts only procedural obstacles to this court

7    reaching the merits of Lima's claims.

8    **II.    DISCUSSION**

9           **A.    Legal Standards**

10                  **1.    Reports And Recommendations**

11          A district judge "may accept, reject, or modify the recommended decision" on a

12   dispositive matter prepared by a magistrate judge proceeding without the consent of the

13   parties for all purposes.  FED.R.CIV.P. ("Rule") 72(b); *see* 28 U.S.C. § 636(b)(1).  The district

14   judge may also "receive further evidence, or recommit the matter to the magistrate judge

15   with instructions."  Id.  The district judge  "shall make a *de novo* determination upon the

16   record, or after additional evidence, of any portion of the magistrate judge's disposition to

17   which specific written objection has been made in accordance with this rule."  Rule 72(b);

18   United States v. Raddatz, 447 U.S. 667, 676 (1980).  The court also reviews *de novo* the

19   magistrate judge's conclusions of law.  Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995).

20                  **2.    Federal Habeas Relief**

21          "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall

22   entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant

23   to the judgment of a State court only on the ground that he is in custody in violation of the

24   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal courts

25   review petitions for habeas relief from state prisoners filed after April 24, 1996 under the

26   provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Lindh

27   v. Murphy, 521 U.S. 320, 327 (1997).  Lima's crimes were committed in February 1999, and

28   all state and federal procedural history occurred after AEDPA's effective date.

**B.**   **Timeliness**

1.   **Statutory Tolling**

AEDPA provides a one-year statute of limitations applicable "to all habeas petitions filed by persons in 'custody pursuant to the judgment of a state court.'" 28 U.S.C. § 2244(d)(1).  As pertinent here, "[t]he limitation period shall run from the latest of -- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1).  Lima's case became final within that definition on October 26, 2004, ninety days after the California Supreme Court's July 28, 2004 denial of his petition for review following the appeal from his second trial.

The statute of limitations is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  The statute of limitations is tolled while an application for post-conviction review is "pending," including the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law.[1]  See Carey v. Saffold, 536 U.S. 214, 222-23 (2002); see also Evans v. Chavis, 546 U.S. 189,  199 (2006) (instructing that until California courts provide otherwise, federal courts reviewing habeas petitions from state prisoners must assume California's indeterminate "reasonable time" rule does not differ significantly from the timeliness law in states with determinate appeal periods, typically providing appeal periods from thirty to sixty days for reasonableness analysis).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The R&R carefully traces the procedural history of Lima's post-conviction filings in state court seeking direct and collateral relief, as well as his federal court proceedings beginning with the October 14, 2005 filing of his first federal habeas Petition in Case No.

---

[1]   Discussions of the "mailbox rule" in the Motion To Dismiss and the R&R do not affect the outcome of the timeliness analysis.

1    05cv1959-W(BLM).  That petition was dismissed for failure to allege exhaustion of state

2    court remedies, with leave to correct that defect on or before December 23, 2005 in an

3    amended petition.  Lima instead returned to state court to pursue further collateral relief.

4    The federal case was dismissed when Lima failed to file a timely amended petition.

5          Lima filed the instant federal petition on October 27, 2006 (and an authorized First

6    Amended Petition ("Petition") on December 1, 2006, which remains the operative pleading

7    in this case) after his September 25, 2006 attempt to file an amended petition in his original

8    federal case was dismissed on a Discrepancy Order as untimely.  His Petition cannot relate

9    back to the dismissed action.  FED. R. CIV. P. 15; Dils v. Small, 260 F.3d 984, 986 (9th Cir.

10    2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Unless Lima can show either

11    a delayed triggering of the limitations period under 28 U.S.C. § 2254(d)(1), or tolling, his

12    deadline to seek federal habeas relief expired October 26, 2005, a year before he filed this

13    federal habeas action.

14          Lima filed two habeas petitions in state court:  one in San Diego County Superior

15    Court on March 24, 2005, which was pending until May 13, 2005, and one in the California

16    Supreme Court on November 29, 2005, which was denied on August 23, 2006.  AEPDA

17    provides he is entitled to tolling of the statute of limitations during the pendency of those

18    state court proceedings.  28 U.S.C. § 2244(d)(2); Carey, 536 U.S. at 222-23.  He is not

19    entitled to any statutory tolling for his prior federal petition. *See* Duncan v. Walker, 533 U.S.

20    167, 172 (2001). Respondent does not dispute Lima is entitled to some statutory tolling

21    associated with his two state habeas petitions, but contends not enough tolling can be

22    recognized to save his federal Petition from being time-barred.

23          The R&R analysis concluded, under the statutory tolling rules, Lima's Petition was

24    filed thirty-five days after the one-year AEDPA statute of limitations had run.  R&R 13:28-

25    14:2. Neither Respondent nor Lima objects to the statutory tolling analysis or the

26    recommended finding of untimeliness on the statutory limitations issue.  The court has

27    reviewed the legal standards applied in reaching that recommended finding and **<u>ACCEPTS</u>**

28    the R&R analysis and conclusions of law on that timing issue, after *de novo* consideration

1  of the latter. The court **ADOPTS** the recommended finding Lima's federal Petition is untimely

2  and must be dismissed in its entirety, unless he is entitled to equitable tolling.

3          **2.**   **Equitable Tolling**

4          The Ninth Circuit deems AEDPA's one-year statute of limitations to be subject to

5  equitable tolling in exceptional cases. *See* Roy v. Lampert, 465 F.3d 964, 970 (9th Cir.

6  2006); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is "unavailable

7  in most cases," and requires a showing of exceptional circumstances beyond the prisoner's

8  control prevented timely filing). Equitable tolling may be applied to relieve a petitioner from

9  an untimeliness bar to federal habeas review only when the petitioner demonstrates "(1) that

10  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

11  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The inquiry associated

12  with a petitioner's argument for equitable tolling is "highly fact-dependent." Whalem/Hunt

13  v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (*per curiam);* Lott v. Mueller, 304 F.3d 918, 923

14  (9th Cir. 2002). Lima did not allege in his Petition that he is entitled to equitable tolling, but

15  he does address the issue in his Opposition to the Motion To Dismiss in response to

16  Respondent's contention in the moving papers he cannot carry his burden to show he is

17  entitled to the benefit of equitable tolling even if he were to advance that theory.

18          As summarized in the R&R, Respondent contends Lima is not entitled to equitable

19  tolling because had he prosecuted the first federal petition he filed in 2005 by complying with

20  the district judge's October 26, 2005 Order granting him until December 23, 2005 to file an

21  amended petition, there would be no need to consider the timeliness of his current Petition.

22  Lima contends he did comply with the Order, apparently and mistakenly believing that he

23  was only required to present his claims to the California Supreme Court by December 23,

24  2005 in order to preserve his right to reopen his federal case. The R&R concludes, as

25  argued by Respondent, Lima's misunderstanding does not justify equitable tolling. This court

26  concurs with that conclusion.

27          In his Traverse, Lima also seeks to justify his delay in filing his habeas petition in the

28  California Supreme Court by contending his belongings, including his legal materials, were

confiscated when he was transferred to San Quentin on May 23, 2005.  He provides evidentiary support for his representation he was  held in administrative segregation until he was transferred from San Quentin to Folsom State Prison on August 4, 2005.  Upon his transfer to Folsom, he contends he was held in "fish-roll" housing for two weeks and did not receive his legal materials and other property until September 1, 2005.

Accepting Lima's evidence, the R&R traces in detail the timing and the sequence of events Lima asserts should entitle him to sufficient equitable tolling to save his federal Petition from an untimeliness bar.  The R&R calculates Lima was deprived of access to his legal materials from May 23, 2005 to September 1, 2005, representing 102 days of the 193 days that ran between the superior court's adverse decision and Lima's filing of a habeas petition in the California Supreme Court.  Applying the Pace standards, the R&R reasoned Lima satisfied the "extraordinary circumstances" prong of the equitable tolling test due to his deprivation of access to his personal legal files for that period, relying on Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (opining "it seems unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period" without access to his legal file), Lott, 304 F.3d at 924 (holding deprivation of the petitioner's legal files for 82 days while he was transferred to another detention center for court appearances would constitute "extraordinary circumstances" adequate to warrant equitable tolling), and Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) (equitably tolling eleven months of time during which petitioner was housed in administrative segregation without access to his legal files).  R&R pp. 15-19.  The R&R recommends this court find "Petitioner has met his burden of demonstrating that extraordinary circumstances existed during this period of time and that these circumstances interfered with his ability to file his habeas petition."  R&R 19:16-19.

With respect to the "diligence" prong of the Pace test for equitable tolling, the R&R recommends this court find Lima's evidence is sufficient to demonstrate he diligently pursued his rights.  Lima challenged his placement in administrative segregation as soon as he was transferred to San Quentin without his legal files, "a mere nine days after the superior court

1  denied his habeas petition." R&R 19:24-27. His challenges were denied at each level within

2  the prison system until June 20, 2005, when the prison granted his administrative appeal and

3  corrected his placement form, but without releasing him from administrative segregation.

4  R&R 19:26-20:7. On those facts, the R&R recommends "the AEDPA limitations period be

5  equitably tolled for the 102 days during which Petitioner lost access to his legal materials

6  (from May 23, 2005 to September 1, 2005)," or, alternatively, that "these facts partially

7  excuse Petitioner's six-month delay in filing his habeas petition with the California Supreme

8  Court and that, therefore, Petitioner is entitled to statutory tolling for this 102-day period."[2]

9  R&R 21:2-9, *citing* Pace, 544 U.S. at 418 and Evans, 546 U.S. at 200-01 (no entitlement to

10  statutory tolling for lengthy, *unexplained* intervals). The R&R concludes: "With this

11  additional period of tolling, Petitioner's federal petition is timely," recommending

12  Respondent's Motion To Dismiss be denied on that basis.

13      Respondent objects to the recommended finding Lima has demonstrated

14  extraordinary circumstances warranting equitable tolling. Obj. 1:25-2:7. Respondent argues

15  Lima has not demonstrated the necessary "causal connection" between the lack of access

16  to his files during summer 2005 and his missed filing deadline "because in October 2005

17  Lima filed a timely federal petition in case number 05cv1959W(BLM)." Obj. 2:9-11, *citing*

18  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), *reh'g granted* 447 F.3d 1165, 1167

19  (2007). "Lima's first federal petition was dismissed for noncompliance with a court order

20  (R&R at 4, 6, 15), and this dismissal is the reason for the late filing of his second federal

21  petition, not any earlier inability to access his legal files while in prison." Obj. 2:13-15.

22  Inasmuch as compliance with the court Order was within his control, Respondent argues

23  Lima should not be entitled to equitable tolling. Obj. 2:17-18. Respondent also takes issue

24  with the R&R's analysis "mechanically extend[ing] Lima's filing deadline for each day he

25  allegedly was deprived [of] his legal materials even though this occurred early within the one-

26  year limitations period." Obj. 2:19-21. Respondent continues:

27

28      [2]   Respondent notes the tolling period would actually be 104 days, for the period
      May 20, 2005 to September 1, 2005 rather than May 23, 2005 to September 1, 2005, comparing
      R&R 8:18-21 with Lima's Opp. at pp. 8-9 and Exhibit M.

> This blanket grant of equitable tolling is inconsistent with the
> requirement that Lima demonstrate a causal and factual
> connection between the alleged deprivation and his inability to
> file, which is at odds with the fact he filed a petition in this Court
> with time remaining on his limitations period.  It also seems
> inconsistent with the recommendation that the lack of legal
> materials is not sufficient "cause" to excuse Lima's procedural
> default.

Obj. 2:21-26, *citing* R&R pp. 26-27 (regarding lost trial transcripts).

Respondent further objects to the R&R's "alternative" recommendation "granting Lima statutory tolling despite" <u>Evans</u>, 546 U.S. at 197-200, on the reasoning the alleged deprivation of his legal materials "partially" excuses his more than six-month delay.  R&R p. 21. Respondent objects that "is not the same explanation Lima provided to the California Supreme Court," where he stated only he "transferred from one prison to another."  Obj. 2:27-3:6. Respondent distinguishes this case from <u>Evans</u> because Lima never not seek state habeas relief in the California Court of Appeal.  Obj. 3:6-9, *also citing* <u>Carey</u>, 536 U.S. at 220 (regarding one "full round" of collateral review).

> After Lima received his legal files in September 2005, he next
> sought relief from this Court, not any state court, and he seems
> to have filed for habeas relief in the California Supreme Court
> only after this Court explained that his claims were unexhausted.
> (<u>See</u> Opp. at 5.)  These circumstances demonstrate that any
> inability to work on his case for 104 days was not during an effort
> to obtain one full round of collateral relief and should have no
> statutory-tolling effect on his one-year limitations period.  Since
> it took Lima nearly three months after he admittedly received his
> legal files to return to state court, too much of his delay was
> Lima's own making to warrant gap and [*sic*] equitable tolling.

Obj. 3:9-16.

Finally, Respondent objects to the R&R recommendation this court accept Lima's allegation that he had no access to his legal files, despite acknowledging "Lima did not fully document his allegation" (R&R p. 20 "no evidence before the Court. . ."), because the Warden has not provided "any contrary evidence" (R&R pp. 19, 20). Respondent points out the court's December 11, 2006 briefing schedule authorized only an Opposition to a Motion To Dismiss, with no Reply opportunity, precluding a response to Lima's filing.  Obj. 3:17-22. Respondent relies on <u>Espinoza-Matthews</u>, 432 F.3d 1026 n.4 (accepting evidence from an unrepresented litigant that was presented for the first time in an objection to a magistrate

1   judge's report) to support its proffer to this court and request for consideration of a

2   Declaration of Matthew Mulford, Esq., the deputy attorney general assigned to represent the

3   Warden in this case, as evidence contrary to Lima's incompletely-documented contentions.

4   Mr. Mulford declares he spoke with the litigation coordinator at San Quentin on May 31,

5   2007, Denise Dull.

6           Dull told me that prison records reflect that Lima arrived in San
7           Quentin on May 25, 2005, where he was housed starting on
        June 1, 2005, in an Administrative Segregation unit, known as
8           the Carson Unit, until his transfer to Folsom on August 4, 2005.
        Inmates in this unit typically have access in their cell to some
9           personal property, including legal files, and are permitted access
        to a prison law library for two hours on both Tuesday and
10          Thursday afternoons.  Records indicate that Lima arrived with,
        and left, San Quentin with several boxes of personal property,
11          but the records do not indicate where this property was stored
        during his time there.  There are similarly no records indicating
12          that Lima sought to appeal any denial of time in the prison law
        library.

13  Mulford Decl. 1:22-2:3.[3]

14      In his Reply to Respondent's Objections to the R&R, Lima states he "will not address

15  that issue since the courts had granted equitable tolling."  Reply 2:4-6.  However, he does

16  challenge the Mulford Declaration on the issue of access to his personal property or legal

17  files, contending he had "no" access to those, but not under oath.  Reply 2:7-8.  He

18  maintains each time he was seen by the classification committee, he was denied his

19  personal property and legal files "pending transfer."  Reply 2:8-10.  He contends:

20  "Respondent is correct, records indicate petitioner arrived with and left San Quentin with

21  several boxes of personal property, 'if' petitioner had any personal property in his cell,

22  records would indicate said property."  Reply 2:13-16.

23      This court is persuaded by Respondent's demonstration regarding Lima's conduct

24  with respect to his pursuit of collateral relief in the fall of 2005.  Lima fails to carry his burden

25

26      [3]  Mr. Mulford also declares he spoke with someone in the litigation coordinator's office at
27  Folsom on May 31, 2007 who told him "Lima arrived in Folsom on August 4, 2005, at which time he
would have been temporarily housed, typically for ten to fourteen days, while the prison determined
28  his appropriate classification," and that inmates "typically receive their personal property within five
days after receiving a classification."  Mulford Decl. 2:4-8.  Mr. Mulford attaches as Declaration
exhibits two letters he addressed to those institutions substantiating he made those inquiries.

1  to demonstrate the extraordinary remedy of equitable tolling of the one-year AEDPA statute
2  of limitations is warranted due to circumstances beyond his control.  The court is also
3  persuaded by Respondent's argument Lima's misunderstanding of the court's December 23,
4  2005 deadline for filing an amended petition cannot support equitable tolling of the limitations
5  period, as also acknowledged in the R&R.  Even accepting Lima's representation as true that
6  he was denied access to his legal files from May 23, 2005 to September 1, 2005, the
7  procedural history of Lima's efforts to obtain collateral relief substantiates he has not shown
8  the necessary "causal connection" between that period of lack of access and his missed
9  deadline, "because in October 2005 Lima filed a timely federal petition in case number
10  05cv1959W(BLM)."   Obj. 2:9-11.   On that record, Lima cannot persuasively argue
11  entitlement to equitable tolling based on a causal and factual connection between his alleged
12  deprivation of his personal property and an inability to file for habeas relief in state court
13  while time remained on his federal AEDPA clock and to complete one full round of review.

14       Accordingly, the court **SUSTAINS** Respondent's Objections to the R&R
15  recommendation equitable tolling be applied to save Lima's Petition from the untimeliness
16  bar of AEDPA's one-year statute of limitations.  The court **REJECTS** the R&R
17  recommendation for equitable tolling of a sufficient duration to permit Lima to proceed with
18  his federal habeas Petition.  Absent equitable tolling, the court lacks jurisdiction over his
19  claims and must **GRANT** the Motion To Dismiss the Petition in its entirety.

20       **C.    Procedural Default**

21       Federal courts "will not review a question of federal law decided by a state court if the
22  decision of that court rests on a state law ground that is independent of the federal question
23  and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).
24  Procedural default will be found when the application of the state procedural rule provides
25  "an adequate and independent state law basis" for the state court to have denied relief.
26  Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000).  As the court has concluded Lima's
27  Petition is untimely, the court need not reach Lima's Objections to the R&R recommendation
28  the court find twelve of Lima's thirteen claims were procedurally defaulted.

**III.    CONCLUSION AND ORDER**

        For all the foregoing reasons, **IT IS HEREBY ORDERED** the recommendations to apply equitable tolling and to deny Respondent's Motion To Dismiss all claims on grounds the federal Petition was not timely is **REJECTED**.    The court **ADOPTS** the R&R recommended finding the AEDPA one-year statute of limitations had run before Lima filed this Petition, applying all statutory tolling to which he was entitled.  The court need not reach the procedural default grounds for dismissing twelve of Lima's thirteen claims.  Respondent's Motion To Dismiss is **GRANTED**, and the Clerk of Court shall terminate this case.

        **IT IS SO ORDERED**.

DATED:  August 30, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 11 -

06cv2388